918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael J. GIVENS, Plaintiff-Appellant,
v.
John T. WIGGINTON, John C. Runda, Phillip R. Baker, Larry R.
Ball, James Grider, Helen Howard-Hughes, Lou
Karibo, Newton McCravy, Jr., Keith
Hardison, Defendants-Appellees.
 No. 90-5026.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1990.
 
 Before KRUPANSKY, RALPH B. GUY, JR. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Michael J. Givens, a Kentucky state prisoner represented by counsel, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Givens was granted parole by the Kentucky Parole Board on April 30, 1985, from 1981 convictions for rape, sodomy, sexual abuse and burglary. He remained on parole until January 4, 1988, when he was arrested for a curfew violation--one of the conditions of his parole. A preliminary parole revocation hearing was held at which the defendant Administrative Law Judge (ALJ) found that Givens had violated three conditions of his parole: (1) a 10:00 p.m.-6:00 a.m. curfew; (2) possession of a firearm; and (3) presence on premises where alcoholic beverages were served as the principal commodity. Revocation was recommended.
 
 
 3
 Following a hearing before the Parole Board, Givens's parole was revoked on May 2, 1988, and he was incarcerated again. He was scheduled to appear before the Parole Board nine months later; however, at that time Givens's parole consideration was deferred for an additional two years.
 
 
 4
 Seeking monetary and injunctive relief, Givens instituted his civil rights complaint against the Secretary of the Kentucky Corrections Cabinet, seven members of the Kentucky Parole Board, and the ALJ. He alleged that the deferment of his parole consideration and the failure of the ALJ to consider alternatives to revocation violated the consent decree in Kendrick v. Bland, 541 F.Supp. 21 (W.D.Ky.1981), the holding in Wolff v. McDonnell, 418 U.S. 539 (1974), his civil rights protected by 42 U.S.C. Sec. 1983, and the fourteenth amendment and certain state law rights. Givens sued the defendants individually and in their official capacities.
 
 
 5
 Defendants filed a motion to dismiss, or, in the alternative, for summary judgment, and Givens filed a response. The district court granted defendants' motion, concluding: (1) that all damage claims against all defendants were barred by the Eleventh Amendment; (2) that Givens's due process rights at his revocation hearing were protected under Morrissey v. Brewer, 408 U.S. 471 (1972); and (3) that Givens had no constitutional or inherent right to parole under either Kentucky law or the consent decree in Kendrick. The court declined to exercise pendent jurisdiction over any state law claims since no viable federal claim existed.
 
 
 6
 Upon consideration we conclude that summary judgment was properly entered for defendants as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.